UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOHN COTONA,

                        Petitioner,

                -v-

FEDERAL BUREAU OF PRISONS,

                      Respondent.

------------------------------------------------------------------------X

13 Civ. 609 (JMF)

MEMORANDUM
OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2013

JESSE M. FURMAN, United States District Judge:

      In this case, brought pursuant to Title 28, United States Code, Section 2241, Petitioner John Cotona challenges a decision by the Bureau of Prisons ("BOP") that he is ineligible for early release under Title 18, United States Code, Section 3621(e) upon successful completion of the BOP's Residential Drug Abuse Program ("RDAP").  Under 28 C.F.R. § 550.55(b)(5)(ii) — enacted pursuant to a congressional delegation of authority, *see* 18 U.S.C. § 3621(e)(2), and "[a]s an exercise of the [BOP] Director's discretion," 28 C.F.R. § 550.55(b) — inmates with a current felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are ineligible for early release.  Relying on that provision, and a paragraph in Cotona's Presentence Report stating that a search of his residence and place of business resulted in the seizure of, among other things, "two firearms, a Winchester 12 gauge shotgun with a pistol-style grip and a .22 caliber long rifle with a scope and empty magazine, miscellaneous ammunition, a double-edged dagger and brass knuckles" (Phillips Decl. Ex. B ¶ 53), the BOP concluded that Cotona was ineligible for early release.  Cotona challenges that decision as "arbitrary and capricious" under the Administrative Procedure Act (the "APA").

Cotona's challenge is without merit.  First, as the Government argues and Cotona implicitly concedes through his silence on the issue in his reply memorandum of law, the judicial review provisions of the APA do not apply to the BOP's decisions about early release under Section 3621.  *See* 18 U.S.C. § 3625 (providing that the judicial review provisions of the APA "do not apply to the making of any determination, decision, or order under this subchapter," which includes Section 3621); 5 U.S.C.§ 701(a) (providing that the APA does not provide for judicial review of agency actions when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law"); *see also, e.g.*, *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624."); *Wilson v. Baird*, No. 3:11-cv-1304 (MRK), 2012 WL 2154209, at *5 (D. Conn. June 13, 2012) (Kravitz, J.) (same).

Thus, Cotona is entitled to relief only if he can show that, in denying him early release eligibility, BOP acted in excess of its statutory authority or violated some federal constitutional provision.  *See, e.g.*, *Bradley v. Fisher*, No. 5:11-HC-2194-FL, 2012 WL 2590472, at *2 (E.D.N.C. July 3, 2012) (citing cases).  He has not done so.  To the extent that Cotona alleges a statutory violation, his challenge fails given the broad discretion BOP has to determine who will receive early release under the statute.  *See Lopez v. Davis*, 531 U.S. 230, 240-43 (2001); *LaSorsa v. Spears*, 2 F. Supp. 2d 550, 554-55 (S.D.N.Y. 1998) (Sotomayor, J.).  To the extent that Cotona alleges a violation of his due process rights, his challenge fails because he had no constitutionally protected liberty interest in early release under Section 3621(e).  *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Wilson*, 2012 WL 2154209, at *3.  Finally, to the extent

that Cotona alleges an equal protection violation, he has not alleged, let alone shown, that he was treated differently from similarly situated inmates due to "purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).

In his reply memorandum of law, Cotona cites *United States v. Jones*, 869 F. Supp. 2d 373 (E.D.N.Y. 2012), and asks the Court, "as an alternative request for relief," to order the Probation Department to remove the reference to firearms from his Presentence Report and recommend to the BOP that it reconsider his eligibility for early release. (Reply Mem. 7-8). But arguments raised for the first time in a reply memorandum are waived and need not be considered. *See Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010); *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 169 (2d Cir. 2006). And, in any event, Cotona's reliance on *Jones* is misplaced. In that case, the district court merely brought corrections it had made to the defendant's Presentence Report *at the time of sentencing* to the BOP's attention. *See* 869 F. Supp. 2d at 374-75. Further, the *Jones* Court itself noted that the Second Circuit has "squarely held that Rule 32 [of the Federal Rules of Criminal Procedure] does not, standing alone, 'give a district court jurisdiction to correct inaccuracies in a [Presentence] report after a defendant has been sentenced." 869 F. Supp. 2d at 376 (quoting *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989)). It follows that Cotona — who does not even allege that his Presentence Report was inaccurate (let alone that he objected to it at the time of sentencing before the United States District Court for the District of New Jersey) — may not seek modification of the Presentence Report, and certainly may not do so from this Court pursuant to a habeas petition under Section 2241.

For the foregoing reasons, the Petition is DENIED and DISMISSED. It is somewhat unclear whether a certificate of appealability would be required for Cotona to appeal from the

Court's decision.  *Compare, e.g.*, *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003) (reaffirming that the requirement for a certificate of appealability "does not apply to federal habeas proceedings, such as the instant one, brought pursuant to 28 U.S.C. § 2241"), *with* *Cespedes v. United States*, No. 01-CV-2249 (ILG), 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit had granted a certificate of appealability in connection with the petitioner's appeal from a prior order treating his Section 2241 petition as a Section 2255 petition).  To the extent the requirement does apply, Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case.


SO ORDERED.

Dated: October 7, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge